IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| CEDRICK MONTORRIS SALLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 322-024 |
| | ) | |
| COMMISSIONER MR. TIM WARD; | ) | |
| DIRECTOR MR. SHEPPARD; WARDEN | ) | |
| MR. JERMAINE WHITE; MR. JACOB | ) | |
| BEASLEY, Deputy Warden Security; | ) | |
| MRS. VERONICA STEWART, Deputy | ) | |
| Warden Security; CERT OFFICER | ) | |
| GARNER; and GEORGIA DEPARTMENT | ) | |
| OF CORRECTIONS, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, incarcerated at Telfair State Prison ("TSP"), is proceeding *pro se* and *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983. Because Plaintiff is proceeding IFP, his complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

**I.    SCREENING THE COMPLAINT**

    **A.    BACKGROUND**

Plaintiff names the following defendants: (1) Commissioner Mr. Tim Ward; (2) Director Mr. Sheppard; (3) Warden Jermaine White; (4) Deputy Warden of Security Jacob Beasley; (5)

Deputy Warden of Security Veronica Stewart; (6) CERT Officer Garner; and (7) Georgia Department of Corrections ("GDC"). (Doc. no. 1, pp. 1, 4.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

At approximately 7:00 a.m. on November 2, 2021, Defendant CERT Officer Garner was escorting Plaintiff to a cell at TSP upon Plaintiff's return from surgery on his left arm the day prior. (Doc. no. 1, p. 7.) Plaintiff's left arm was in a sling. (Id.) Defendant Garner selected a cell for Plaintiff in building 104-E-1, but the inmate already in that cell stated he had problems with Plaintiff. (Id.) In response, Plaintiff asked Defendant Garner to place him in the shower area until a cell could be located. (Id.) Defendant Garner responded by pulling out his taser and pointing it at Plaintiff's face from a distance of approximately three feet. (Id.) Plaintiff quickly turned away in fear, tripped, and fell to the floor. (Id.) Defendant Garner, whose body camera was turned off, jumped on top of Plaintiff and placed his knee and body weight on Plaintiff's injured arm. (Id.) Defendant Garner held Plaintiff's head back by the throat, holstered his taser, and took out a can of riot spray and sprayed Plaintiff's face twice. (Id.) Defendant Garner dragged Plaintiff to another cell and picked him up by the handcuffs, removing Plaintiff's injured arm from the sling. (Id.) Defendant Garner threw Plaintiff into a shower, and Plaintiff's head hit the shower wall. (Id.) At no point did Defendant Garner ask for backup, help Plaintiff stand up, or instruct Plaintiff to stand up. (Id.)

Plaintiff told Defendants White and Beasley about the incident, but they did nothing. (Id. at 8.) Plaintiff has not seen Defendants Ward and Sheppard yet to inform them of the incident. (Id.) Plaintiff filed a grievance, which was denied. (Id. at 8-9.) Plaintiff must now attend physical therapy for treatment of his injuries and fears for his life so long as Defendant Garner remains on the CERT team. (Id. at 8.) Plaintiff seeks $5 million in compensatory damages. (Id. at 6.)

**B.     DISCUSSION**

**1.     Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w]

3

that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim Against Defendant Stewart

The Eleventh Circuit has held that a district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendant with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). Thus, Plaintiff must describe how each individual participated in any alleged constitutional violation or other acts and omissions he claims to have caused him injury. Here, Plaintiff lists Veronica Stewart as a Defendant in the caption of the complaint and the portion of the form reserved for identifying Defendants, (doc. no. 1, pp. 1, 4), but he does not mention her anywhere in his statement of claim. As Plaintiff does not connect Defendant Stewart to any alleged constitutional violation, she should be dismissed.

### 3. Plaintiff Fails to State a Claim Against GDC

"The Eleventh Amendment insulates a state from suit brought by individuals in federal court, unless the state either consents to suit or waives its Eleventh Amendment immunity."

4

Stevens v. Gay, 864 F.2d 113, 114 (11th Cir. 1989) (footnote omitted) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984)).  Arms or agencies of the state are also immune from suit.  Alabama v. Pugh, 438 U.S. 781, 782 (1978) ("There can be no doubt, however, that suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless [the State] has consented to the filing of such a suit."); Stevens, 864 F.2d at 115 (Eleventh Amendment bars suit against GDC); Bailey v. Silberman, 226 F. App'x 922, 924 (11th Cir. 2007) (*per curiam*) ("Neither a State nor its agencies may be sued as a named defendant in federal court absent the State's consent.").  Because the State of Georgia has sovereign immunity against Plaintiff's § 1983 claims, and GDC is an agency of the state, GDC should be dismissed from the case in addition to the above reasons.

    **4.** **Plaintiff Fails to State a Claim for Supervisory Liability Against Defendants Ward, Sheppard, Beasley, and White**

Any potential § 1983 claims against Defendants Ward, Sheppard, Beasley, and White are also subject to dismissal for failure to state a claim because Plaintiff may not hold these defendants liable merely by virtue of their supervisory positions.  "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability."  Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Fla. Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013) (*per curiam*).  Likewise, supervisors and employers cannot be sued under § 1983 simply on a theory of *respondeat superior*.  See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory).

5

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted). Therefore, to hold Defendants liable, Plaintiff must demonstrate that they (1) actually participated in the alleged constitutional violation, or (2) there is a causal connection between the individual's actions and the alleged constitutional violation. See Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Here, Plaintiff appears to name these Defendants not because of their direct involvement in the events about which he complains, but by virtue of their supervisory positions. Plaintiff only states he told Defendants Beasley and White about the incident after the fact, and wanted to, but was unable to, inform Defendants Ward and Sheppard of the same. (Doc. no. 1, p. 8.)

Nowhere does Plaintiff allege these defendants were present for, or participated in, an alleged constitutional violation. Therefore, Plaintiff must allege a causal connection between these defendants and the asserted constitutional violations in order to hold them liable. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse

sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Plaintiff does not draw the necessary causal connection to any alleged constitutional violation. Plaintiff has not alleged (1) a history of widespread excessive force at TSP, (2) an improper custom or policy put in place by Defendants regarding excessive force, or (3) an inference Defendants directed CERT Officer Garner to act, or knew he would act, unlawfully. At best, Plaintiff has alleged he notified two Defendants after the assault occurred, and his grievance concerning the assault was denied. Mere knowledge of an assault after it occurs, and the mere denial of a grievance concerning an assault, cannot form the basis of a valid claim. See Asad v. Crosby, 158 F. App'x 166, 170-72 (11th Cir. 2005) (*per curiam*) (affirming district court's dismissal of supervisory liability claims against two defendants who failed, *inter alia*, "to afford [plaintiff] relief during the grievance process," because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation"); see also Blackerby v. McNeil, No. CV 307-071, 2008 WL 2047814, at *1-2 (S.D. Ga. May 13, 2008) (dismissing claim against prison official who allegedly failed to act in accordance with the plaintiff's wishes concerning information in a grievance and a letter); Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (refusing to impose liability under § 1983

7

on supervisory officials who denied administrative grievances and otherwise failed to act based on allegations contained in the grievances), *cert. denied*, 530 U.S. 1264 (2000); Crowder v. Lash, 687 F.2d 996, 1005-06 (7th Cir. 1982) (rejecting claim that Commissioner of Department of Corrections could be held liable for damages from any constitutional violation at a facility within his jurisdiction based on receipt of a letter describing allegedly improper prison conditions).

In sum, Plaintiff has not shown Defendants Ward, Sheppard, Beasley, and White actually participated in the alleged constitutional violations; nor has he drawn the necessary causal connection to any alleged constitutional violation. Therefore, Plaintiff fails to state a claim upon which relief can be granted, and Defendants Ward, Sheppard, Beasley, and White should be dismissed.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Defendants Ward, Beasley, White, Stewart, Sheppard, and GDC be **DISMISSED** for failure to state a claim upon which relief may be granted. By separate Order, the Court directs service of process on Defendant Garner for alleged use of excessive force.

SO REPORTED and RECOMMENDED this 13th day of June, 2022, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA